1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    SAMMY B. WEAVER ,

9                          Plaintiff,          Case No. C21-05019-MJP-SKV

10          v.                                 REPORT AND RECOMMENDATION

11    NATHAN J. DATUS, et al.,

12                          Defendant.

13

14          Plaintiff, Sammy B. Weaver, is a state prisoner who is proceeding *pro se* and *in forma*

15    *pauperis* in this 42 U.S.C. § 1983 civil rights action.  Presently pending before the Court is

16    Plaintiff's amended complaint.  Dkt. 14.  Having reviewed and screened Plaintiff's amended

17    complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim

18    upon which relief can be granted.  Accordingly, the Court recommends the amended complaint,

19    Dkt. 14, be dismissed without prejudice.

20                              BACKGROUND

21          Plaintiff is currently confined at Coyote Ridge Corrections Center and proceeds *pro se*

22    and *in forma pauperis*.  Plaintiff's amended complaint names Nathan J. Datus, an employee of an

23    auto parts store, as the sole Defendant.  Dkt. 14.  In his amended complaint Plaintiff alleges on

REPORT AND RECOMMENDATION - 1

1    July 25, 2019, he was parked in his vehicle in the NAPA Auto Parts store parking lot with his

2    vehicle hood open diagnosing an automobile problem he was having.  *Id.*  He alleges that

3    unbeknownst to Plaintiff, Defendant called the Mason County Sheriff's Department to report

4    Plaintiff for no lawful reason in order to incite law enforcement to pursue Plaintiff. *Id.*  Plaintiff

5    also appears to allege that on August 6, 2019, Defendant falsely reported to law enforcement that

6    Plaintiff had threatened employees of the auto parts store with a knife.  Dkt. 14-2, at 1.  Plaintiff

7    alleges he was arrested by Mason County Sheriffs on August 6, 2019, and has been incarcerated

8    since that time.  Dkt. 14.  He alleges Defendant subsequently perjured himself at Plaintiff's

9    criminal trial regarding this incident resulting in Plaintiff being wrongfully convicted.  Dkt. 14-1,

10    at 2. Plaintiff alleges that as a result of the "harassment" by Defendant and his incarceration he

11    has lost ownership of his home and personal belongings and has been imprisoned for over two

12    years.  Dkt. 14.

13          As relief Plaintiff seeks replacement costs for loss of all of his personal possessions and

14    home, that Defendant be prevented from harassing him again, and that Defendant make

15    "restitutions."  Dkt. 14.

16                                DISCUSSION

17          Under the Prison Litigation Reform Act of 1995, the Court is required to screen

18    complaints brought by prisoners seeking relief against a governmental entity or officer or

19    employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must "dismiss the

20    complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

21    state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

22    who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

23    152 F.3d 1193 (9th Cir. 1998); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

1   Similarly, under 28 U.S.C. § 1915(e)(2), where a plaintiff proceeds *in forma pauperis* pursuant

2   to 28 U.S.C. § 1915, the Court is also required to dismiss the complaint if it fails on these same

3   grounds.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

4          The Court holds *pro se* plaintiffs to less stringent pleading standards than represented

5   plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff.

6   *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  When dismissing a complaint under these statutes,

7   the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies

8   of the complaint could not be cured by amendment."  *Cato v. United States*, 70 F.3d 1103, 1106

9   (9th Cir. 1995); *Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

10         Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to

11  state a claim for relief it must contain a short and plain statement of the grounds for the court's

12  jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief,

13  and a demand for the relief sought.  The statement of the claim must be sufficient to "give the

14  defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

15  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be

16  "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

17  550 U.S. 544, 555 (2007).  In addition, a complaint must allege facts to state a claim for relief

18  that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

19         In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

20  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

21  the violation was proximately caused by a person acting under color of state law.  *See Crumpton*

22  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The first step in a § 1983 claim is therefore to

23  identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266,

1   271 (1994).  To satisfy the second prong, a plaintiff must allege facts showing how individually

2   named defendants caused, or personally participated in causing, the harm alleged in the

3   complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Plaintiff must also plead

4   facts showing the defendants were acting under color of state law.  *Gibson v. United States*, 781

5   F.2d 1334, 1338 (9th Cir. 1986).

6   **A.      Challenges to Fact or Duration of Confinement**

7           Where a prisoner challenges the fact or duration of his confinement, his sole federal

8   remedy is a writ of habeas corpus, to which the exhaustion requirement applies.  *Preiser v.*

9   *Rodriguez*, 411 U.S. 475, 489-90 (1973).  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United

10  States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a

11  plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence

12  is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck*,

13  512 U.S. at 489.

14          In this case, the entire premise of Plaintiff's complaint appears to be that, absent the

15  alleged unlawful conduct by Defendant, Plaintiff would not have been convicted.  However,

16  nothing in the record suggests that Plaintiff's conviction has been invalidated in any way.

17  Because it appears that Plaintiff's claims necessarily call into question the lawfulness of his

18  conviction, they appear to be barred by *Heck*.  *See, e.g., Guerrero v. Gates*, 357 F.3d 911, 918

19  (9th Cir. 2004) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and

20  conspiracy among police officers to bring false charges against him).  Plaintiff was advised of

21  this deficiency in his original complaint and that, if he wished to proceed against the Defendant,

22  he must clearly demonstrate that the alleged claims are not barred by *Heck*.  *See* Dkt. 13.

23  Plaintiff was advised that conclusory assertions that his claims are not *Heck* barred would not

REPORT AND RECOMMENDATION - 4

1   suffice. *Id.* Plaintiff's amended complaint largely reiterates the allegations of his original

2   complaint against Defendant and fails to allege additional facts to demonstrate Plaintiff's claims

3   are not barred by *Heck*. *See* Dkts. 6, 14.

4        Accordingly, Plaintiff's complaint should be dismissed without prejudice for failure to

5   state a claim upon which relief may be granted.

6   **B.**    **Non-State Actor**

7        Plaintiff alleges that Defendant made false allegations against Plaintiff and perjured himself

8   at Plaintiff's trial, resulting in Plaintiff's wrongful conviction.  However, there are no allegations or

9   facts in the complaint to indicate that Defendant was a state actor or that his actions were "clothed

10  with governmental authority."  Rather, based on the allegations in the complaint, Defendant is a

11  private citizen. *See* Dkt. 14. "Generally, private persons cannot be liable under section 1983 unless

12  their actions were 'clothed' with governmental authority." *Goehring v. Wright*, 858 F.Supp. 989,

13  997 (N.D. Cal. 1994); *see Peng v. Mei Chin Penghu*, 225 F.3d 970, 980 (9th Cir. 2003).  Plaintiff

14  was informed of this deficiency in his original complaint and given the opportunity to allege

15  additional facts in his amended complaint to demonstrate Defendant was acting under color of state

16  law.  Dkt. 13.  However, Plaintiff's amended complaint again fails to demonstrate Defendant was

17  acting under color of state law.  As such, Defendant cannot be held liable under § 1983.

18  Accordingly, for this reason as well, Plaintiff has failed to state a claim for which relief can be

19  granted and his complaint should be dismissed without prejudice.

20  **C.**    **Leave to Amend**

21       The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must

22  have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they

23  cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

1  Plaintiff has been allowed to amend his complaint and the Court instructed Plaintiff regarding the

2  deficiencies of his original complaint, which are still present in the amended complaint. *See*

3  Dkts. 6, 14. The Court instructed Plaintiff that he must allege facts showing how individually

4  named defendants were state actors acting under color of state law as well as facts demonstrating

5  his claims were not barred by *Heck*. *Id*. The Court finds Plaintiff has failed to allege facts

6  sufficient to show Defendant is liable under § 1983 or that his claims are not barred by *Heck* and

7  has not stated a claim upon which relief may be granted. Furthermore, as Defendant is not a

8  state actor, the Court finds it is clear from the amended complaint that Plaintiff cannot overcome

9  the deficiencies of his amended complaint through further amendment. Accordingly, the Court

10 recommends Plaintiff not be given additional leave to amend. *See Mack v. California*, 2016 WL

11 7877391, at * 16 (C.D. Cal. Aug. 9, 2019) (finding an amendment would be futile when

12 defendant was not a state actor); *Swearington v. California Dep't of Corr. & Rehab.*, 624 F.

13 App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in

14 dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies

15 despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v.*

16 *Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district

17 court's discretion to deny leave to amend is particularly broad where the court has already given

18 the plaintiff an opportunity to amend his complaint.").

19                                                    CONCLUSION

20        For the above stated reasons, the undersigned recommends Plaintiff's amended complaint

21 (Dkt. 14) be dismissed without prejudice for failure to state a claim upon which relief can be

22 granted. *See* 28 U.S.C. § 1915A.

23        A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 6

1    Objections to this Report and Recommendation, if any, should be filed with the Clerk and

2  served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

3  and Recommendation is signed.  Failure to file objections within the specified time may affect

4  your right to appeal.  Objections should be noted for consideration on the District Judge's

5  motions calendar for the third Friday after they are filed.  Responses to objections may be filed

6  within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter

7  will be ready for consideration by the District Judge on **<u>October 15, 2021</u>**.

8    Dated this 17th day of September, 2021.

9

10

11    _____

         S. KATE VAUGHAN
12       United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 7